■ In the Matter of BARRY E. MILOWITZ, Petitioner, v UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents.—Proceeding initiated in this court pursuant to subdivision 4 of section 6510 of the Education Law to annul a determination of the respondents, dated November 1, 1979, remanding the proceeding to the hearing panel. The petitioner was charged (1) with a violation of subdivision (2) of section 6509 of the Education Law, in that he placed his architectural seal and signed his name to an untruthful, deceptive and fraudulent statement and further that the report was not completed by the petitioner; and (2) with a violation of subdivision (9) of section 6509 of the Education Law, in that he violated the then rules of the Board of Regents by associating himself with a project known to him to be fraudulent and dishonest in character and further was deceptive and misleading in a professional report. The hearing panel found and determined that the petitioner was not guilty of any of the specifications of the charges and recommended that the charges be dismissed. The Regents Review Committee disagreed with the determination of the hearing panel and unanimously recommended that the Board of Regents remand the matter to the hearing panel for a new hearing, pursuant to section 6510 (subd 3, par c) of the Education Law, a determination which was adopted by the Board of Regents and accepted by the respondent commissioner by order dated November 1, 1979. The petitioner contends (1) that he has a right in the present posture of the proceeding to review such determination in this court pursuant to subdivision 4 of section 6510 of the Education Law; (2) that substantial evidence for a finding of guilt is lacking; (3) that the petitioner would be deprived ·of a fair hearing upon remand inasmuch as remand under the statute can only occur when the hearing panel's determination is not guilty, and is a clear indication of the respondents' dissatisfaction with the determination made and a clear directive to the hearing panel to find the petitioner guilty; and (4) that, consequently, the statute (Education Law, § 6510, subd 3, par c), which permits such procedure is unconstitutional. Section 6510 (subd 3, par c) of the Education Law provides, in part, "If the board [of regents] disagrees with the hearing panel's determination of not guilty, it shall remand the matter to the panel for a new hearing *after which the panel's determination* of not guilty shall be final." (Emphasis added.) Clearly, the argument advanced by petitioner raises the issue of statutory construction, and, thus, is not of constitutional dimension. (See *Long Is. Light. Co. v Maltbie*, 287 NY 691.) A judicial determination of the petitioner's contentions must await the decision of the hearing panel upon remand, and the review thereof by the Review Committee of the Board of Regents and by the Board of Regents itself, as well as by the Commissioner of Education. Until these steps have been taken, the petitioner's application is premature for review by this court under subdivision 4 of section 6510 of the Education Law. Accordingly, respondents' motion to dismiss the proceeding should be granted. Petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Casey, JJ., concur.